**JULIE R. PATTEN**
**Assistant U.S. Attorney**
**U.S. Attorney's Office**
**James F. Battin U.S. Courthouse**
**2601 Second Ave. North, Suite 3200**
**Billings, MT 59101**
**Phone: (406) 657-6101**
**FAX: (406) 657-6989**
**Email: Julia.Patten@usdoj.gov**

**ATTORNEY FOR PLAINTIFF**
**UNITED STATES OF AMERICA**

### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF MONTANA
### BILLINGS DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | **CR 22-139-BLG-SPW** |
| **Plaintiff,** | **NOTICE OF SUPPLEMENTAL AUTHORITY** |
| **vs.** | |
| **JAREN MICHAEL STENNERSON,** | |
| **Defendant.** | |

Pursuant to Rule 47.4, District of Montana Local Rules, the United States recommends the Court's attention to the following supplemental authority related to its argument that the Supreme Court's decision in *New York State Rifle & Pistol Association v. Bruen* did not undermine the *District of Columbia v. Heller* decision.

1

On January 25, 2023, the Honorable Judge Dana Christensen issued an opinion in *United States v. Boyd,* CR 20-121-BLG-DLC denying the defendant's motion to dismiss the indictment against him, arguing the charge of prohibited person in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1), was facially unconstitutional considering the *Bruen* decision. Judge Christensen noted that Judge Molloy also issued an opinion that § 922(g)(1) does not violate the Second Amendment. *United States v. Butts,* --- F. Supp. 3d ---, 2022 WL 16553037 (D. Mont. Oct. 31, 2022). Judge Christensen reiterated the decision in *Butts* that the Ninth Circuit decision in *United States v. Vongxay*, 594 F.3d 1111 (9th Cir. 2010) was binding precedent and that "mere tension between *Vongxay* and *Bruen* was insufficient to find that this precedent had been effectively overruled and was no longer binding on this Court." *Boyd* at p. 7, citing *Butts*, 2022 WL 16553037, at *4. Further, Judge Christensen noted that "this Court is powerless to overrule the holding of a decision by the Ninth Circuit that is not clearly irreconcilable with intervening higher authority." *Id.*, citing *Vongxay*, 594 F.3d at 1116;

While the Boyd decision addressed the constitutionality of 922(g)(1), it is relevant here because it reiterates that *Bruen* did nothing to change the fact that this Court is bound by the Ninth Circuit precedent following *Heller* that the Second Amendment only protects the right of law-abiding citizens to possess a firearm and

"the right to bear arms does not preclude laws disarming the unvirtuous citizens."

*Vongxay*, 594 F. 3d at 1118.

    DATED this 3rd day of February, 2023.

JESSE A. LASLOVICH
United States Attorney


*/s/Julie R. Patten*
JULIE R. PATTEN
Assistant U.S. Attorney