IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>JAREN MICHAEL STENNERSON,<br><br>Defendant. | CR 22-139-BLG-SPW<br><br>ORDER ON MOTION TO<br>DISMISS INDICTMENT |

Before the Court is Defendant Jaren Stennerson's Motion to Dismiss Indictment. (Doc. 21). Stennerson argues that, pursuant to Fed. R. Crim. P. 12(b)(1), his indictment for being a prohibited person in possession of a firearm under 18 U.S.C. § 922(g) and § 922(n) must be dismissed because those statutes unconstitutionally infringe upon Stennerson's rights under the Second Amendment of the U.S. Constitution. (Doc. 22 at 2). Stennerson additionally argues that § 922 (g)(3) is unconstitutionally vague. (*Id.*) The United States responds that the sections have not been abrogated by the U.S. Supreme Court's decision in *New York State Rifle & Pistol Ass'n, Inc. v. Bruen*, 142 S. Ct. 2111 (2022), and that binding Ninth Circuit precedent requires a finding of constitutionality. (Docs. 23 at 2 and 25 at 2). The Court finds that this matter can be resolved without a hearing. For the reasons detailed herein, the motion is denied.

1

## I. Background

Defendant is charged on two counts: violation of 18 U.S.C. § 922(g)(3) – Unlawful Drug User in Possession of a Firearm; and violation of 18 U.S.C. § 922(n) – Illegal Receipt of a Firearm by a Person under Indictment. (Doc. 1).

Rule 12(b)(1) of the Federal Rules of Criminal Procedure provides that a party may raise by pretrial motion any defense, objection, or request that the court can determine without a trial on the merits. A pretrial motion is proper when it involves questions of law rather than fact. *United States v. Shortt Acct. Corp.*, 785 F.2d 1448, 1452 (9th Cir. 1986). The Court has determined that Defendant's motion is appropriate for pre-trial resolution because it solely involves a question of law.

## II. Analysis

### A. Challenges to § 922(g)(3) and (n) under Bruen

Stennerson argues that, under *Bruen*, if the plain text of the Second Amendment covers a person's conduct, then it is the government's burden to show that a challenged limitation is "consistent with this Nation's historical tradition of firearm regulation." (Doc. 22 at 4 (citing *Bruen*, 142 S. Ct. at 2126)). Stennerson contends that his possession of a firearm while addicted to illegal substances and while under indictment is presumptively covered by the Second Amendment and

so the government must prove that such regulations were commonly accepted during the founding era.

In *Bruen*, the Court held that the Second Amendment protects an individual's right to carry a handgun for self-defense outside the home, and, as relevant here, rejected a means-end scrutiny approach that had been applied by courts of appeals when assessing the constitutionality of firearms regulations. 142 S. Ct. at 2122, 2127. Instead, the Court held, a court must apply "[t]he test we set forth in *Heller*" and "assess whether modern firearms regulations are consistent with the Second Amendment's text and historical understanding." *Id.* at 2131. In a concurring opinion, Justice Kavanaugh, joined by the Chief Justice, joined the Court's opinion in full but "underscore[d]" that "the Second Amendment allows a 'variety' of gun regulations," and that nothing in the Court's opinion "'should be taken to cast doubt on longstanding prohibitions on the possession of firearms by felons and the mentally ill[.]'" *Id.* at 2162 (quoting *District of Columbia v. Heller*, 554 U.S. 570, 626, 636 (2008)).

Two courts in this district have concluded that *Bruen* did not effectively overrule prior precedent regarding gun-ownership prohibitions on certain persons because *Heller* and Ninth Circuit caselaw applying *Heller* is not "clearly irreconcilable with the reasoning or theory of intervening higher authority [*Bruen*, in this instance]." *United States v. Boyd*, 1:20-CR-121-DLC-1, at *6 (D. Mont.

Jan. 25, 2023) (quoting *United States v. Butts*, --- F. Supp. 3d ---, 2022 WL 16553037, at *3-4 (D. Mont. Oct. 31, 2022) (citing *Miller v. Gammie*, 335 F.3d 889, 893 (9th Cir. 2003) (en banc)).

Both Judge Molloy and Judge Christensen held that *Bruen* barred the previous means-end scrutiny standard, but not *Heller*'s express language regarding lawful prohibitions on felons in possession of firearms. *Id.* In *United States v. Vongxay*, the Ninth Circuit, applying *Heller*, determined that 18 U.S.C. § 922(g)(1), which bars felons from gun possession, was constitutional because it was consistent with longstanding limitations on gun possession and because "the right to bear arms does not preclude laws disarming the unvirtuous citizens (i.e. criminals) . . ." *Vongxay*, 594 F.3d 1111, 1118 (9th Ci. 2011) (citing Don B. Kates, Jr., *The Second Amendment: A Dialogue*, 49 Law & Contemp. Probs. 143, 146 (1986)).

Likewise, the Ninth Circuit, applying *Heller*, concluded that habitual drug users in possession of firearms pose the same dangers as felons and the mentally ill and consequently that § 922(g)(3) is constitutional. *United States v. Dugan*, 657 F.3d 998, 999-1000 (9th Cir. 2011). The Court is bound by the Ninth Circuit's holdings in *Vongxay* and *Dugan* because they neither have been explicitly overruled nor are clearly irreconcilable with the Supreme Court's decision in *Bruen*. Accordingly, the Court holds that § 922(g)(3) is not unconstitutional.

Although § 922(n) has not been squarely addressed in the caselaw, the prohibition on persons under indictment from acquiring firearms is underpinned by the same considerations as felons in possession: each stand for the principle that unvirtuous persons made be disarmed (in this case, temporarily, while their case is pending). *See Vongxay*, 594 F.3d at 1118.

### B. Challenge to § 922(g)(3) as void-for-vagueness

Stennerson also argues that § 922(g)(3) is unconstitutionally vague because it fails to give ordinary people fair notice of what conduct is prohibited. (Doc. 22 at 11). There is a strong presumption that a statute is constitutional when a defendant raises a void-for-vagueness argument. *United States v. Harris*, 185 F.3d 999, 1003 (9th Cir. 1999) (citing *United States v. Nat'l Dairy Prods. Corp.*, 372 U.S. 29, 32 (1963)). In the Ninth Circuit, unless First Amendment freedoms are implicated, defendants are limited to as-applied challenges. *United States v. Rodriguez*, 360 F.3d 949, 953 (9th Cir. 2004). A statute is not unconstitutionally vague "if its language conveys sufficiently definite warning as to the proscribed conduct when measured by common understanding and practices." *Panther v. Hames*, 991 F.2d 576, 578 (9th Cir. 1993). The Ninth Circuit has applied a temporal limitation on the drug use covered by § 922(g)(3), meaning that as long as the evidence shows that a defendant's drug use is sufficiently consistent, prolonged, and close in time to their gun possession, the defendant is put on notice

that they are an unlawful user of drugs and prohibited from firearm possession. *United States v. Purdy*, 264 F.3d 809, 812 (9th Cir. 2001).

Here, the government has alleged that Stennerson's pending state criminal charge for possession of dangerous drugs and his admission of use of methamphetamine, including his admission that he is a methamphetamine addict, is sufficient to have put him on notice. (Doc. 23 at 28). Of course, the government must prove beyond a reasonable doubt that Stennerson was in fact addicted to or using illegal drugs at the time of his possession, but the facts alleged by the government are sufficient to support a finding that § 922(g)(3) is not unconstitutionally vague as applied to Stennerson.

### III. Conclusion

Defendant's Motion (Doc. 21) is DENIED.

DATED this 24th day of February, 2023.

SUSAN P. WATTERS
United States District Judge