**JULIE R. PATTEN**
Assistant U.S. Attorney
U.S. Attorney's Office
2601 Second Ave. N., Suite 3200
Billings, MT 59101
Phone: (406) 657-6101
Fax: (406) 657-6989
E-mail: Julia.Patten@usdoj.gov

ATTORNEYS FOR PLAINTIFF
UNITED STATES OF AMERICA

**FILED**

MAR 0 6 2023

Clerk, U S District Court
District Of Montana
Billings

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| UNITED STATES OF AMERICA, | CR 22-139-BLG-SPW |
|---|---|
| Plaintiff, | |
| vs. | PLEA AGREEMENT |
| JAREN MICHAEL STENNERSON, | |
| Defendant. | |

Pursuant to Rule 11 of the Federal Rules of Criminal Procedure, the United States, represented by Assistant U.S. Attorney Julie R. Patten, and the defendant, Jaren Michael Stennerson, and his attorney, Gillian Gosch, have agreed upon the following:

**1.     Scope:** This plea agreement is between the United States Attorney's Office for the District of Montana and the defendant. It does not bind any other

| AUSA | DEF | ATTY | Date 3/3/23 | Page 1 |

federal, state or local prosecuting, administrative or regulatory authority, or the United States Probation Office.

2.  **Charge:** The defendant agrees to plead guilty to the indictment and admit the forfeiture allegation. The indictment charges the crimes of prohibited person in possession of a firearm, in violation of 18 U.S.C. § 922(g)(3) (count 1) and receipt of a firearm by person under indictment for a felony, in violation of 18 U.S.C. § 922(n) (count 2). Count 1 carries a maximum penalty of 10 years imprisonment, a $250,000 fine, three years of supervised release, and a $100 special assessment. Count 2 carries a maximum penalty of five years imprisonment, a $250,000 fine, three years of supervised release, and a $100 special assessment.

**Forfeiture:** The defendant agrees to abandon and disclaim any right or interest in the subject firearm, and consents to the destruction or disposition of that firearm as provided for by the policies and procedures of the Bureau of Alcohol, Tobacco, Firearms, and Explosives or the Department of Homeland Security

3.  **Nature of the Agreement:** The parties agree that this plea agreement will be governed by Rule 11(a)(2), *Federal Rules of Criminal Procedure*. The defendant and the United States agree that, with the consent of the Court, the defendant will enter a plea of guilty to the indictment and reserve his right to appeal the denial of his motion to dismiss. If the defendant prevails on appeal, then

he understands that he will be able to withdraw his plea of guilty. The parties acknowledge that this conditional plea agreement and reservation also requires the consent of the Court, and that if that consent is not given, this agreement is void and the case may be set for trial.

4. **Admission of Guilt:** The defendant will plead guilty because the defendant is in fact guilty of the charges contained in the indictment. In pleading guilty to count 1 of the indictment, the defendant acknowledges that:

**First**, the defendant knowingly possessed a firearm;

**Second**, at the time he possessed the firearm the defendant was an unlawful user of any controlled substance

**Third**, the firearm was shipped in interstate or foreign commerce.

In pleading guilty to count 2 of the indictment, the defendant acknowledges that:

**First**, the defendant was under indictment for a felony;

**Second**, the defendant willfully received a firearm that had been shipped or transported between a foreign nation and the United States.

5. **Waiver of Rights by Plea:**

(a) The government has a right to use against the defendant, in a prosecution for perjury or false statement, any statement that the defendant gives under oath during the plea colloquy.

| AUSA | DEF | ATTY | Date | | Page 3 |
|---|---|---|---|---|---|

(b) The defendant has the right to plead not guilty or to persist in a plea of not guilty.

(c) The defendant has the right to a jury trial unless the defendant, by written waiver, consents to a non-jury trial. The government must also consent and the Court must approve a non-jury trial.

(d) The defendant has the right to be represented by counsel, and if necessary, have the court appoint counsel, at trial and at every other stage of these proceedings.

(e) If the trial is a jury trial, the jury would be composed of 12 laypersons selected at random. The defendant and defense attorney would have a say in who the jurors would be by removing prospective jurors for cause where actual bias or other disqualification is shown, or without cause by exercising peremptory challenges. The jury would have to agree unanimously before it could return a verdict of either guilty or not guilty. The jury would be instructed that the defendant is presumed innocent, and that it could not convict the defendant unless, after hearing all the evidence, it was persuaded of the defendant's guilt beyond a reasonable doubt.

(f) If the trial is held by the judge without a jury, the judge would find the facts and determine, after hearing all the evidence, whether or not he was persuaded of the defendant's guilt beyond a reasonable doubt.

AUSA   DEF   ATTY   Date                                          Page 4

(g) At a trial, whether by a jury or a judge, the government would be required to present its witnesses and other evidence against the defendant. The defendant would be able to confront those government witnesses and the defense attorney would be able to cross-examine them. In turn, the defendant could present witnesses and other evidence on the defendant's own behalf. If the witnesses for the defendant would not appear voluntarily, their appearance could be mandated through the subpoena power of the Court.

(h) At a trial, there is a privilege against self-incrimination so that the defendant could decline to testify and no inference of guilt could be drawn from refusal to testify. Or the defendant could exercise the choice to testify on his or her own behalf.

(i) If convicted, and within 14 days of the entry of the Judgment and Commitment, the defendant would have the right to appeal the conviction to the United States Court of Appeals for the Ninth Circuit for review to determine if any errors were made which would entitle the defendant to reversal of the conviction.

(j) The defendant has a right to have the district court conduct the change of plea hearing required by Federal Rule of Criminal Procedure 11. By execution of this agreement, the defendant expressly waives that right and agrees

to hold that hearing before, and allow the Rule 11 colloquy to be conducted by, the U.S. Magistrate Judge.

  (k) If convicted in this matter, a defendant who is not a citizen of the United States may be removed from the United States, denied citizenship, and denied admission to the United States in the future.

The defendant understands that by pleading guilty pursuant to this agreement, defendant is waiving all the rights set forth in this paragraph. The defendant's attorney has explained these rights and the consequences of waiving these rights.

  6. **Recommendations:** The United States will recommend the defendant's offense level be decreased by two levels for acceptance of responsibility, under USSG §3E1.1(a), and will move for an additional one level, under USSG §3E1.1(b), if appropriate under the Guidelines, unless the defendant is found to have obstructed justice prior to sentencing under USSG §3C1.1, or acted in any way inconsistent with acceptance of responsibility. The parties reserve the right to make any other arguments at the time of sentencing. The defendant understands that the Court is not bound by this recommendation.

  7. **Sentencing Guidelines:** Although advisory, the parties agree that the U.S. Sentencing Guidelines must be applied, and a calculation determined, as part of the protocol of sentencing to determine what sentence will be reasonable.

| AUSA | DEF | ATTY | Date | |
|---|---|---|---|---|
| *[signed]* | JS | *[signed]* | 3/3/23 | Page 6 |

8.  **Waiver of Appeal of the Sentence:**

The defendant acknowledges that 18 U.S.C. § 742 affords the right to appeal the sentence imposed in this case. In consideration for the government's concessions in this agreement, the defendant waives any and all right to directly appeal any aspect of the sentence, including conditions of probation or supervised release. The defendant reserves the right to appeal the denial of his motion to dismiss.

The defendant also waives the right to challenge the sentence in a collateral proceeding pursuant to 28 U.S.C. § 2255. This waiver does not prohibit the right to pursue an action alleging ineffective assistance of counsel.

9.  **Voluntary Plea:** The defendant and the defendant's attorney acknowledge that no threats, promises, or representations have been made to induce the defendant to plead guilty, and this agreement is freely and voluntarily endorsed by the parties.

10. **Detention/Release After Plea:** Pursuant to 18 U.S.C. § 3143(a)(2), the defendant acknowledges that the defendant will be detained upon conviction unless (A)(i) the Court finds there is a substantial likelihood that a motion for acquittal or new trial will be granted or (ii) this agreement provides that the United States will recommend that no sentence of imprisonment be imposed and (B) the Court finds, by clear and convincing evidence, that the defendant is not

likely to flee or pose a danger to any other person or the community. Then, if exceptional circumstances exist, the defendant may be released upon conditions.

12. **Breach:** If the defendant breaches the terms of this agreement, or commits any new criminal offenses between signing this agreement and sentencing, the U.S. Attorney's Office is relieved of its obligations under this agreement.

12. **Entire Agreement:** Any statements or representations made by the United States, the defendant, or defense counsel prior to the full execution of this plea agreement are superseded by this plea agreement. No promises or representations have been made by the United States except as set forth in writing in this plea agreement. This plea agreement constitutes the entire agreement between the parties. Any term or condition which is not expressly stated as part of this plea agreement is not to be considered part of the agreement.

JESSE A. LASLOVICH
United States Attorney

_____
JULIE R. PATTEN
Assistant U.S. Attorney
Date: 3/6/23

_____
JAREN MICHAEL STENNERSON

AUSA   DEF   ATTY   Date       3/3/23

Defendant
Date: 3-3-23

_____
GILLIAN GOSCH
Defense Counsel
Date: 3-3-23