JULIE R. PATTEN
Assistant U.S. Attorney
U.S. Attorney's Office
James F. Battin U.S. Courthouse
2601 Second Ave. North, Suite 3200
Billings, MT 59101
Phone:      (406) 657-6101
FAX:         (406) 657-6989
Email:       Julia.Patten@usdoj.gov

ATTORNEY FOR PLAINTIFF
UNITED STATES OF AMERICA

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| UNITED STATES OF AMERICA, Plaintiff, vs. JAREN MICHAEL STENNERSON, Defendant. | CR 22-139-BLG-SPW  GOVERNMENT'S SENTENCING MEMORANDUM |
|---|---|

The United States of America, represented by Assistant U.S. Attorney Julie R. Patten, files the following in anticipation of the sentencing hearing set in this case on July 12, 2023.

## INTRODUCTION

The defendant pled guilty to Prohibited Person in Possession of a Firearm, in violation of 18 U.S.C. § 922(g)(3) and Receipt of a Firearm by Person Under

1

Indictment for Felony, in violation of 18 U.S.C. § 922(n).  The Presentence Investigation Report ("PSR") prepared by the United States Probation Office has calculated the defendant's advisory guideline range at 18 to 24 months based on a total offense level of 13 and a criminal history category of III. PSR ¶ 60. The United States has no objection to the PSR and respectfully requests that the Court impose mid-range guideline sentence with three years of supervised release to follow.

## ARGUMENT

Title 18 U.S.C. § 3553(a)(2) requires the Court to "impose a sentence sufficient, but not greater than necessary" to comply with the following purposes: (1) to reflect the seriousness of the offense; (2) to promote respect for the law; (3) to provide just punishment; (4) to afford adequate deterrence to criminal conduct; (5) to protect the public from further crimes of the defendant; and (6) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner.

The Court is also required to consider the nature and circumstances of the offense and the history and characteristics of the defendant, the kinds of sentences available, the sentencing guidelines and policy statements, to avoid unwarranted sentencing disparities, and to provide for restitution to victims.  18 U.S.C. § 3553(a)(1), (3)-(7).

The conduct in this case is serious. The defendant admitted to being a daily user of methamphetamine who purchased the firearm "for protection." On top of that, he was pending several felony charges in state court for which he had been advised he could not possess a firearm. That admonition clearly did not matter to him. While the defendant was out in the community, high and armed, he presented a real danger to the community which must be taken seriously. This community has been plagued by gun violence, much of it a result of the combination of meth use and firearm possession.

The defendant lacks consistent or significant employment history. He also has a substance abuse issue that has gone untreated. The defendant will benefit from drug treatment and vocational training available in prison. If he has any chance at being a law-abiding and productive member of society, he will need to avail himself of the vocational and treatment opportunities at the Bureau of Prisons.

//
//
//
//
//

The government believes that a sentence of 21 months adequately addresses all of the § 3553(a) factors and is sufficient, but not greater than necessary.

DATED this 23rd day of June, 2023.

                                              JESSE A. LASLOVICH
                                              United States Attorney

                                              */s/ Julie R. Patten*
                                              JULIE R. PATTEN
                                              Assistant U.S. Attorney